UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA YOUNG                                                        CIVIL ACTION NO.

VERSUS

JM BOZEMAN ENTERPRISES, INC., ET AL.                     25-340-SDD-EWD

### ORDER

Before the Court is the Motion for Leave to File Amended Notice of Removal ("Motion") and proposed Amended Notice of Removal,[1] filed by Defendant Terry Lee Kuder ("Kuder"), in response to the Court's May 2, 2025 briefing Order.[2]  The Motion adequately alleges that Defendant JM Bozeman Enterprises, Inc. is an Arkansas corporation with its principal place of business in Georgia, and is diverse from Plaintiff Joshua Young;[3] however, because the Motion otherwise fails to comply with the Order in two ways, it will be denied.

First, the proposed Amended Notice of Removal is not self-contained, *i.e.*, a proposed amended Notice of Removal that contains all Kuder's allegations, as revised, supplemented, and amended.  To avoid confusion and to ensure that all Kuder's claims are captured in one document, a self-contained proposed amended Notice of Removal was ordered, and is required.

Second, Kuder has still not adequately established the requisite amount in controversy. The proposed Amended Notice of Removal still relies on Plaintiff's receipt of one cervical epidural steroid injunction and continuing treatment, and newly relies on four alleged "[f]ederal court and state court cases in Louisiana involving similar injuries and similar treatment [involving] damage

---

[1] R. Doc. 7.

[2] R. Doc. 5.

[3] R. Doc. 7-1, ¶ II.

awards exceed[ing] $75,000."[4] However, reference to cases involving damage awards greater than $75,000 is inadequate to establish the requisite amount in controversy, as clearly explained in the Court's Notice of Requirements for Diversity Jurisdiction, 28 U.S.C. § 1332.[5] Kuder's attorney was ordered to review the Notice, but it is unclear if he reviewed the cases regarding amount in controversy because his certification only specifically references review of four cases that discuss diversity of citizenship, not the cases in the Notice related to amount in controversy.[6]

Considering that § 1653 permits a party to amend defective allegations of jurisdiction, the Court will give Kuder one last opportunity to cure the defective jurisdictional allegations. Kuder's attorney shall review the Court's Notice of Requirements for Diversity Jurisdiction, specifically regarding amount in controversy in personal injury proceedings, including every cited case. If Kuder does not provide sufficient support evidence of the required amount in controversy, the case must be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File Amended Notice of Removal,[7] filed by Defendant Terry Lee Kuder, is **DENIED WITHOUT PREJUDICE** for failure to adequately

---

[4] R. Doc. 7-1, ¶ XI.

[5] R. Doc. 5, p. 2, citing https://www.lamd.uscourts.gov/content/magistrate-judge-erin-wilder-doomes, under Information, and *see* p. 5 ("For notices of removal that allege AIC is met based on the plaintiff's personal injuries, **which do not attach one or more of the types of evidence described in section B above**, the following are examples of statements that have been held insufficient to establish AIC, *whether asserted individually or in combination*: …2. Reliance on a plaintiff's boilerplate recitation of damages in the state court petition/correspondence from counsel, *e.g.*, "Plaintiff seeks damages for past, present, and future: medical expenses, mental anguish, permanent disability, lost wages," *etc.*; and/or…4. Allegations of diagnoses of herniated and/or bulging discs, and associated spinal diagnoses, and/or treatment consisting of, or recommendations for, MRIs, X-rays, physical therapy, steroid injections…and/or…7. Citations to state or federal court damage awards involving trials, *e.g.*, "In *Plaintiff versus Defendant XYZ Company*, (19th JDC), the plaintiff was injured in a motor vehicle accident and was awarded $120,000 for injuries and treatment consisting of two bulging discs, a concussion, chiropractic care over ten months, and three steroid injections.") (emphasis in original) (citations omitted).

[6] R. Doc. 7, p. 1, n. 1.

[7] R. Doc. 7.

allege the requisite amount in controversy and for failure to fully comply with the Court's May 2, 2025 briefing Order.

**IT IS FURTHER ORDERED** that, on or before **June 3, 2025,** Defendant Terry Lee Kuder shall file a motion for leave to file an amended notice of removal, which attaches a proposed, self-contained amended Notice of Removal that includes all of Kuder's allegations, as revised supplemented, and/or amended, which corrects the noted deficiencies; properly alleges the citizenship of all parties; and contains supporting evidence of amount in controversy; as explained in this and the Court's prior Order.[8] The motion for leave shall also include a certification from Kuder's attorney that he has reviewed the Court's Notice of Requirements for Diversity Jurisdiction, specifically regarding amount in controversy in personal injury proceedings, including every cited case.

**IT IS FURTHER ORDERED** that, by no later than **June 17, 2025,** Plaintiff Joshua Young shall file a Motion to Remand, if Plaintiff contends Kuder has not met his burden to establish subject matter jurisdiction.[9]

**IT IS FURTHER ORDERED** that the July 24, 2025 Scheduling Conference is **CANCELLED**.  The Scheduling Conference will be reset if jurisdiction is adequately established. No status report is due.

Signed in Baton Rouge, Louisiana, May 20, 2025.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] *See* R. Doc. 5.

[9] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Plaintiff's position on whether Kuder has established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).