UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA YOUNG | CIVIL ACTION NO. |
| VERSUS | |
| JM BOZEMAN ENTERPRISES, INC., ET AL. | 25-340-EWD |

### ORDER AND JUDGMENT OF REMAND[1]

Before the Court is the Notice of Removal, filed by Defendant Terry Lee Kuder ("Kuder"), which alleges that this Court has diversity subject matter jurisdiction. As noted in the Court's May 2, 2025 briefing Order, the Notice of Removal adequately alleges the Louisiana citizenship of Joshua Young ("Plaintiff") and the Florida citizenship of Kuder.[2] However, Defendant JM Bozeman Enterprises, **Inc.** ("JMBE") was insufficiently alleged to be "a limited liability company whose principal place of business is in Georgia and whose domicile address is in Arkansas."[3] Based on these allegations, it was not clear if JMBE was a corporation or a limited lability company.[4] Further, if it was a limited liability company, its citizenship was not adequately alleged because the underlying members were not properly identified.[5]

---

[1] The matter was directly assigned to the undersigned. R. Doc. 3. Other than filing a procedural motion seeking to enroll additional counsel, Plaintiff has not appeared in this case. R. Docs. 8-9.

[2] R. Doc. 5, citing R. Doc. 1, ¶ II and *see* the Petition at R. Doc. 1-8, p. 6, introductory paragraph.

[3] R. Doc. 5, citing R. Doc. 1, ¶ II (emphasis added in the Order).

[4] The Diversity Jurisdiction Statement attached to the Notice of Removal states that JMBE is a corporation that has its principal place of business in Georgia and its "domicile address" in Arkansas. R. Doc. 1-3, ¶ 3. To the extent JMBE's "domicile address" is intended to connote its principal place of business, this information would be sufficient to allege JMBE's citizenship; however, given the inconsistency in the statements by Kuder as to what type of entity JMBE is, Kuder was required to clarify this information in an amended notice of removal.

[5] Each member of a limited liability company or partnership must be *specifically identified*, and citizenship alleged as to each. *Nunez v. ACE Am. Ins. Co.*, No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

In support of the amount in controversy, Kuder relied solely on the allegation that Plaintiff had received one cervical epidural steroid injunction and is continuing to treat and incur medical expenses, which is inadequate to establish the requisite amount in controversy.[6] By briefing Order, the Court *sua sponte* raised the issue of whether subject matter jurisdiction was adequately alleged. The Court's Order gave Kuder an opportunity to correct the deficient jurisdictional allegations, by filing a motion for leave to file a comprehensive, amended Notice of Removal that adequately alleged the citizenship of all parties and to file a memorandum and supporting evidence of the amount in controversy, specifically attaching supporting evidence of Plaintiff's damages.[7]

On May 16, 2025, Kuder timely filed his Motion for Leave to File Amended Notice of Removal which clarified that Defendant JMBE is an Arkansas corporation with its principal place of business in Georgia, and which is diverse from Plaintiff;[8] however, as noted in the Court's May 20, 2025 Order, the Motion otherwise failed to comply with the prior Order because the proposed Amended Notice of Removal was not self-contained and because Kuder still had not adequately established the requisite amount in controversy.[9] Specifically, the proposed Amended Notice of Removal still relied on Plaintiff's one cervical epidural steroid injunction and continuing treatment, and newly relied on four alleged "[f]ederal court and state court cases in Louisiana involving similar injuries and similar treatment [involving] damage awards exceed[ing] $75,000."[10] However, reference to cases involving damage awards greater than $75,000 is

---

[6] The Petition's allegations of boilerplate damages were also insufficient. R. Doc. 5, citing R. Doc. 1, ¶ IV and R. Doc. 1-8, ¶¶ 14-15.

[7] R. Doc. 5. Kuder was also ordered to review the Court's Notice of Jurisdictional Requirements, and all applicable cases cited regarding the pleading of citizenship and the pleading of amount in controversy in cases asserting personal injury and to include a certificate of his compliance.

[8] R. Doc. 7-1, ¶ II.

[9] R. Doc. 10.

[10] R. Doc. 7-1, ¶ XI.

2

inadequate to establish the requisite amount in controversy, as clearly explained in the Court's Notice of Requirements for Diversity Jurisdiction, 28 U.S.C. § 1332.[11] Kuder was given one last opportunity to cure the defective jurisdictional allegations, by filing a self-contained amended Notice of Removal that adequately alleged the citizenship of all parties and to provide adequate evidence of the amount in controversy, on or before June 3, 2025. The May 20, 2025 Order specifically noted that Kuder's failure to provide sufficient supporting evidence of the amount in controversy required remand of this case for lack of subject matter jurisdiction.[12]

On May 23, 2025, Kuder filed his Memorandum Regarding Subject Matter Jurisdiction, wherein Kuder candidly admits that, "[a]fter reviewing the cases with particular focus on subject matter jurisdiction and the standard required to satisfy the amount-in-controversy requirement," … Defendant does not wish to proceed with amending their Notice of Removal any further in an attempt to establish subject matter jurisdiction. Defendant needs additional information and evidence to establish the amount-in-controversy and Defendant intends to accomplish that through discovery in state court."[13]

---

[11] R. Doc. 5, p. 2, citing https://www.lamd.uscourts.gov/content/magistrate-judge-erin-wilder-doomes, under Information, and *see* p. 5 ("For notices of removal that allege AIC is met based on the plaintiff's personal injuries, **which do not attach one or more of the types of evidence described in section B above**, the following are examples of statements that have been held insufficient to establish AIC, *whether asserted individually or in combination*: …2. Reliance on a plaintiff's boilerplate recitation of damages in the state court petition/correspondence from counsel, *e.g.*, "Plaintiff seeks damages for past, present, and future: medical expenses, mental anguish, permanent disability, lost wages," *etc.*; and/or…4. Allegations of diagnoses of herniated and/or bulging discs, and associated spinal diagnoses, and/or treatment consisting of, or recommendations for, MRIs, X-rays, physical therapy, steroid injections…and/or…7. Citations to state or federal court damage awards involving trials, *e.g.*, "In *Plaintiff versus Defendant XYZ Company*, (19th JDC), the plaintiff was injured in a motor vehicle accident and was awarded $120,000 for injuries and treatment consisting of two bulging discs, a concussion, chiropractic care over ten months, and three steroid injections.") (emphasis in original) (citations omitted).

[12] R. Doc. 10, p. 2.

[13] R. Doc. 11.

This Court has an independent obligation to ensure its own subject matter jurisdiction.[14] "Federal courts are courts of limited jurisdiction…It is to be presumed that a cause lies outside this limited jurisdiction…."[15]

> The party seeking to invoke federal jurisdiction has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.' … Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'[16]

Here, Kuder admits that he cannot sustain his burden of establishing this Court's diversity subject matter jurisdiction; no other basis for the Court's jurisdiction has been alleged; and Kuder expressly "consents to remand back to state court."[17] According to 28 U.S.C § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, this Court must remand the case to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that this matter be **REMANDED** *sua sponte* to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

---

[14] *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006).

[15] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[16] *Menendez v. Wal-Mart Stores, Inc*., 364 Fed.Appx. 62, 65 (5th Cir. 2010) (internal citations omitted).

[17] *Id.* and R. Doc. 11, p. 2.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter on the Court's docket.

Signed in Baton Rouge, Louisiana, May 29, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**